# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2304V

|  |  |
|---|---|
| SUZETTE HARRIGAL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: September 18, 2023 |

*Brittany Rose Wolf-Freedman, Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC, New Orleans, LA*, for Petitioner.

*Adam N. Muffett, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 17, 2021, Suzette Harrigal filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on October 1, 2019. Petition, ECF No. 1. On July 11, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 25.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,089.06 (representing $19,137.30 in fees and $951.76 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed July 21, 2023, ECF No. 29. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 29-4.

Respondent reacted to the motion on August 2, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 30. On August 8, 2023, Petitioner filed a reply to Respondent's Response requesting that the Court exercise its discretion and determine a reasonable award. ECF No. 31.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for her attorney, Ms. Wolf-Freedman, at the following rates: $315 per hour for time billed in 2021-22, and $375 per hour for time billed in 2023. ECF No. 29 at 1. These rates require adjustment.

Ms. Wolf-Freedman has been licensed since 2015 (ECF No. 29-2), placing her in the range of attorneys with four to seven years' experience for 2021, and eight to ten years' experience for 2022-23, based on the OSM Attorneys' Forum Hourly Rate Fee Schedules.[3] But she was previously awarded $300 per hour for time billed in 2021 - less than what is being requested herein. *See Briant v. Sec'y of Health & Hum. Servs.,* No. 20-1257V, Slip Op, 49 (Fed. Cl. Spec. Mstr. Sept. 12, 2022). Furthermore, retroactive rate increases are not permitted in the Vaccine Program. *See,* e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs*., No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him."). I find no reason to deviate from such determination.

Accordingly, I reduce Ms. Wolf-Freedman's rate to what she has been permitted for work performed in the 2021 timeframe, as mentioned above. But the hourly rate requested for work performed in 2022 is consistent with what Ms. Wolf-Freedman has been awarded in prior cases and it shall therefore be awarded herein. And based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[4] **I find it reasonable to compensate Ms. Wolf-Freedman at the rate of $340 per hour for all time billed in 2023**. This results in a reduction of attorney's fees to be awarded of **$761.75**.[5] (All time devoted to the matter will otherwise be compensated).

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914.

[4] See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of ($315 - $300 = $15 x 22.20 hrs. = $333.00) + ($375 - $340 = $35 x 12.25 hrs. = $428.75) = $761.75.

Case 1:21-vv-02304-UNJ   Document 36   Filed 10/20/23   Page 4 of 4

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 29-3. Respondent offered no specific objection to the rates or amounts sought. I have reviewed all of the requested costs and find them to be reasonable, and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$19,327.31 (representing $18,375.55 in attorney's fees and $951.76 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Brittany Rose Wolf-Freedman.** the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.